14

Rockingham,
No. 4702.

CASSIE CUTTER, *G'd'n of Longen Biskup*

*v.*

HUTCHINSON BUILDING & LUMBER COMPANY *& a.*

Argued February 3, 1959.

Decided February 27, 1959.

*Russell H. McGuirk* (by brief and orally), for the plaintiff.

*Burns, Bryant & Hinchey* (*Mr. Bryant* orally), for the defendant.

KENISON, C. J. The plaintiff was employed as a laborer by the defendant, who was engaged in the construction and alteration of a school building in the town of Hampton. During the morning of the day of the accident the plaintiff, while working outside the building moving materials, walked away and twenty minutes later was found lying prostrate on a sidewalk next to the building in a state of shock and delirium. The plaintiff was discovered below an open window of the second floor of the school building. This window was observed to be closed about an hour previously. No one saw the accident. It did not appear that the plaintiff was required by his duties to be on the second floor or that he was ordered by anyone to go there. He was taken to the Exeter Hospital where he was found to have several fractures of the pelvis, and of both heels. While there he had a psychotic episode and was transferred to the New Hampshire State Hospital, then to the Veterans Administration Hospital and finally returned to the New Hampshire State Hospital where he is now confined with a diagnosis of schizophrenia. Two weeks prior to the accident the plaintiff was restless and depressed. He was described by a doctor called in his behalf as a "person introverted but normal . . . before the time he was injured."

The plaintiff's contention is correct that he is not to be denied workmen's compensation merely because there was no eyewitness to the accident. *Bohan* v. *Company*, 98 N. H. 144, 147; 11 NACCA L. J. 67. However, he had the burden of establishing that he suffered a compensable injury. *Condiles* v. *Waumbec Mills*, 95 N. H. 127; *Lybolt* v. *Company*, 85 N. H. 262; 2 Larson, Workmen's Compensation, s. 80.33. The principal issue before the Trial Court was whether the plaintiff received his injuries as a result of an accidental fall or in an attempt to commit suicide. This was a question of fact for the determination of the Trial Court which is to be upheld if there is evidence to support it. *Dustin* v. *Lewis*, 99 N. H. 404. The record discloses no fact or circumstance which would compel an inference that the plaintiff fell from the second floor. But the record does show considerable circumstantial evidence in support of the Court's finding that the plaintiff jumped from the second floor of the school building in an attempt to commit suicide. This finding is fatal to the plaintiff's claim. *Boody* v. *Company*, 77 N. H. 208, 213; *Wilkinson* v. *Achber*, 101 N. H. 7, 10.

The plaintiff relies on medical evidence that he was suffering

from a compensable traumatic neurosis but this evidence was directly disputed and contradicted by other medical testimony, and we cannot say as a matter of law the latter view was incorrect. *Ricard* v. *Insurance Co.*, 87 N. H. 31, 36; *Walter* v. *Hagianis*, 97 N. H. 314. An examination of the record and the exhibits fails to show that the plaintiff's injuries or his mental condition subsequent to the accident were caused by any perils of his employment. 1 Larson, Workmen's Compensation, *s.* 36.10.

*Judgment for the defendant.*

All concurred.